**David M. Zeff (S.B. #63289)**
**Law Offices of David M. Zeff**
**1388 Sutter St., Suite 820**
**San Francisco, CA 94109**
**Telephone: (415) 923-1380**
**Facsimile: (415) 923-1382**
**ZeffLaw1@aol.com**

**Attorneys for Defendant**
**Wealth Conservancy, Inc.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **JENNIFER WILSON, as Individual and as Trustee of the JENNIFER WILSON LIVING TRUST,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**THE WEALTH CONSERVANCY, INC., and DOES 1-20, Inclusive,**<br><br>**Defendants.** | **Case No. CIV 07 1076 CW**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION [F.R. CIV. P. 12(b)(2)]**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: April 13, 2007**<br>**Time: 10:00 a.m.**<br>**Courtroom: No. 2**<br>**Hon. Claudia Wilken, Judge** |

**NOTICE**

To the court and to all interested parties, please taken notice that a hearing on the motion by defendant The Wealth Conservancy, Inc. to dismiss the action will be held on April 13, 2007 at 10:00 a.m. in Department 2 of the above court, located at 1301 Clay Street, Suite 400 South, Oakland, California.

**MOTION**

Defendant The Wealth Conservancy, Inc. moves the Court for an order dismissing the complaint of Jennifer Wilson, individually and as Trustee of the Jennifer Wilson



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

Living Trust, pursuant to Rule 12(2) of the Federal Rules of Civil Procedure, on the ground defendant lacks minimum contacts with California such that the exercise of jurisdiction over it offends traditional notions of fair play and substantial justice.

Dated: February 27, 2007 LAW OFFICES OF DAVID M. ZEFF

By /S/
David M. Zeff, Attorneys For
THE WEALTH CONSERVANCY, INC.



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

The sole issue on this motion is whether personal jurisdiction is proper over the defendant The Wealth Conservancy, Inc., a Colorado Corporation.

Defendant is an investment adviser. It does not advertize its services and does not maintain a presence of any kind in California. Plaintiff Jennifer Wilson went to Colorado and solicited the defendant's services in Colorado. Wilson told defendant she was a resident of Washington. Defendant signed a contract with Wilson in Colorado. For approximately one year defendant provided Wilson with investment advice in Colorado, Washington and Idaho, but not in California. Contrary to conclusionary statements in the complaint, Wilson did not "retain" the defendant as her "attorney." Complaint, 2:24-25.

Wilson owned a house in San Francisco, and she generously promised her close friend, Julia Bergman, the free use of that house for life. Wilson had defendant draft a written document to memorialize that promise. When Wilson later tried to escape the consequences of her promise, she came to regret having put it in writing. Wilson then filed this action against defendant, alleging that by preparing that written agreement it engaged in unauthorized practice of law and in attorney malpractice. Defendant objects to jurisdiction in California because defendant (1) does not do business in California; (2) did not purposefully avail itself of the privilege of conducting an activity in California; and (3) did not purposefully direct its activities to California; and (4) on the further ground the "extent of defendant's purposeful interjection into the forum state's affairs" if any, was so slight jurisdiction here would be unreasonable. E.g. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993).

## STATEMENT OF FACTS

### 1. The parties.

During the time plaintiff Jennifer Wilson was defendant's client, she paid taxes in the State of Washington and called herself a Washington resident. The Jennifer Wilson Living Trust, who is the apparent real party in interest, was organized under Washington



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

law. Salzer Decl., ¶ 8. So far as the defendant is aware, Wilson and her trust are still Washington residents and domiciliaries.

Defendant The Wealth Conservancy, Inc. is incorporated in Colorado and has its only place of business in Boulder, Colorado. Salzer Decl., ¶ 2. Defendant provides investment advice through seminars and sometimes under written contracts with individual clients. Defendant does not advertize in California, has never maintained an office in California, and presently has only one California client. Five or six years ago, defendant held its only seminar in California. Salzer Decl., ¶'s 2, 3, and 4. Defendant never told Wilson or anybody else it is an attorney or qualified to provide legal advice. Salzer Decl., ¶ 7.

In the Spring of 2000 plaintiff Jennifer Wilson attended one of the defendant's seminars in Aspen, Colorado. The seminar was not advertized and defendant does not know how Wilson learned of it. Salzer Decl., ¶'s 4 and 5. Wilson solicited and signed a Financial Management Agreement providing that defendant would provide services "beginning with monitoring and planning, but possibly evolving into partial discretionary management" of Wilson's assets. The contract states it is governed by the law of Colorado. It does not mention the possibility of defendant's providing legal services. Salzer Decl., ¶ 5; Exh. 1 thereto.

All the services defendant provided Wilson were performed either in Colorado or in the states of Washington and Idaho. No services were performed in California. Defendant's principal Myra Salzer visited Wilson at her Washington and Idaho residences, met with her and discussed her investments, needs and wishes. She never met Wilson in California and never traveled to California on behalf of Wilson or the Jennifer Wilson Living Trust. Salzer Decl., ¶ 6.

**2. Facts underlying the lawsuit.**

The complaint alleges Wilson "retained" defendant to "act as [an] attorney[] and financial advisor[] to plaintiff," and that the defendant committed legal malpractice by



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

negligently assisting her in preparing a written agreement with her cousin Julia Bergman about a house in San Francisco. Complaint, 2:24-3:12. It appears to relate to a complaint Wilson filed in April, 2006 against Bergman, alleging that in Spring, 2000 Wilson purchased a house in San Francisco, which is "currently being held" by the Jennifer Wilson Living Trust. Exh. 2 to Zeff Decl., 2:9-12 ("Bergman Complaint").

Wilson's complaint against Bergman states that the two "became close beginning in 1993 until about spring 2005" and agreed to live as roommates in Wilson's house with Bergman paying nominal rent. Bergman Complaint, 2:9-3:1. According to the Bergman Complaint, the two signed an agreement "provided by the Wealth Conservancy," providing that Bergman could enjoy the use of a house "titled by the Jennifer Wilson Living Trust," for as long as she lived "or until its unforseen sale." At 3:2-13. In or about the Fall of 2005, Wilson had a change of heart and decided to evict Bergman, and Bergman resisted, claiming the agreement gave her a life tenancy. At 3:14-17. Wilson sought declaratory relief establishing her right to evict Bergman. Bergman Complaint, 3:18-6:13. That lawsuit apparently settled, and it was dismissed in July, 2006. Complaint, 3:20-21; Exh. 1 to Zeff Decl.

Wilson then filed this action alleging she retained defendant as an "attorney" and that defendant committed legal malpractice by "drafting and advising Plaintiff to enter a written agreement memorializing" her promises to Bergman, without "first diligently researching the impact of local laws and apprising Plaintiff of the same." Complaint, 3:4-7. She seeks to recover, among other things, $60,000 special damages for fees and cost of settlement in the underlying *Bergman* case. At 3:16-23.

**ARGUMENT**

Exercise of personal jurisdiction over a nonresident defendant requires the defendant have at least minimum contacts with the forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 801 (9th Cir. 2004). *General* jurisdiction exists if the defendant engages in "continuous and general business



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

contacts" with the forum. *Id.*

Claims of s*pecific* jurisdiction are subject to a "three-prong test":

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d 797, 802. The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is "not established in the forum state." If plaintiff meets this burden, the burden shifts to defendant to show that the exercise of jurisdiction would be unreasonable. *Id.*

**1. No basis exists for general jurisdiction over The Wealth Conservancy.**

The "continuous and general business contacts" required for general jurisdiction is "an exacting standard." *Schwarzenegger*, 374 F.3d 797, 801. The standard "typically requires the defendant to have an office in the forum state." 16 James W. Moore, *Moore's Federal Practice,* § 108.41, pp. 108-49 to 108-50 (3d Ed., 2006). Defendant does not maintain an office, advertise or solicit business in California. It held only one California seminar in the past 10 years, and presently has only one California resident as a client. Salzer Decl. ¶ 4. General jurisdiction does not apply. *Schwarzenegger*, 374 F.3d 797, 801.

**2. Defendant did not "purposely avail" itself of the privilege of conducting activities in California.**

A showing that a defendant purposefully availed itself of the privilege of doing business in the forum "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract here." *Schwarzenegger*, 374 F.3d 797, 802. The "mere existence of a contract with a party in the forum state" is not enough.



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

*Sher v. Johnson,* 911 F.2d 1357, 1362 (9th Cir. 1990). Instead, courts look to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" in deciding whether defendant's contacts are substantial and not merely "random, fortuitous. or attenuated." *Id.*

California applies the same standard when a defendant is accused of unauthorized practice of law in California–-the substance of Wilson's charge against The Wealth Conservancy. Complaint, 3:4-12. In this closely related context,[1] the California Supreme Court rejected "the notion that an unauthorized person automatically practices law 'in California' whenever the person practices California law anywhere . . ." *Birbrower, Montalbano, Condon &Frank v.Superior Court* (1998) 17 Cal.4th 119, 129. "Mere fortuitous or attenuated contacts" will not sustain a finding that an unlicensed lawyer practiced law "in California." *Id.* at 128. The issue is whether the unlicensed lawyer "engaged in sufficient activities in the state, or created a continuing relationship with the California client that included legal duties and obligations." *Id.*

Assuming (solely for purposes of this motion) Wilson's factual allegations are true, they do not show the defendant purposefully availed itself of the benefits of California law or engaged in the practice of law in California. Wilson, a Washington resident, solicited a business relationship with the defendant in Colorado. Their contract states defendant will provide investment "monitoring and planning," not legal advice. Exh. 1 to Salzer Decl. Defendant provided no services in California. Assuming *arguendo* defendant drafted a document for Wilson, and further assuming that by drafting such document it engaged in the unauthorized practice of law, those assumptions, if true, would still not establish a continuing attorney-client relationship or that defendant availed itself of the privilege of conducting an activity in California. *Schwarzenegger*, 374 F.3d 797, 802. Rather, defendant's alleged contacts with California are "fortuitous

---

[1]Construing Cal. Business and Professions Code § 6125, which states: "No person shall practice law in California unless the person is an active member of the State Bar." The issue was under what circumstances an out-of-state law firm is subject to the statute.



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

and attenuated" and will not support jurisdiction. *Sher v. Johnson,* 911 F.2d 1357, 1362.

**3. Defendant did not "purposefully direct" its alleged conduct toward California.**

A showing that a defendant purposefully directed its conduct toward a forum state "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d 797, 803. Where the plaintiff alleges an intentional tort, purposeful direction can also be established under the "effects test," which requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*., at 805. "All three parts of the test must be satisfied." *Id,* at 805-06.

Wilson has not alleged either that defendant distributed goods in California or that it committed an intentional tort. The "effects test" does not apply because defendant is not alleged to have engaged in intentional misconduct, let alone an intentional act "expressly targeted at the forum state." *Schwarzenegger*, 374 F.3d 797, 805-06. Nor does it appear that the defendant, who is only charged with negligence, "knew" that by drafting an agreement it would cause harm. *Id*. It is not even clear that either Wilson or her Trust, the parties allegedly harmed, is a California resident or domiciliary. If they are, the defendant did not know that they were California residents, and could not have known they might suffer harm in California. For each of these reasons, the "effects test" does not apply, and jurisdiction over the defendant is unwarranted. *Id.*

**4. Exercise of jurisdiction over the defendant in California would be unreasonable.**

In determining whether it is reasonable to exercise jurisdiction over a defendant, courts consider seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380

plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Even if there is sufficient "interjection" into the forum state to meet the purposeful availment test, the degree of interjection "is a factor to be weighed in assessing the overall reasonableness of jurisdiction . . ." *Id.,* at 1888.

The *first* factor weighs heavily in defendant's favor. "[T]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Core Vent Corp.* 11 F.3d 1482, 1488. "[I]t may be unreasonable to subject an out-of-state defendant to jurisdiction where the allegedly tortious act is committed outside of the forum state, having only an effect within the state, if the act is negligent rather than purposeful." *Insurance Company of North America v. Marina Salina Cruz,* 649 F.2d 1266, 1270-71 (9th Cir. 1981). It is a thin legal fiction even to say that The Wealth Conservancy "interjected" itself in California at all, so that this first factor powerfully favors the defendant.

The remaining factors are either irrelevant, equally balanced or favor defendant. Specifically with regard to the *sixth* factor, it is not clear why California would have a greater interest than Colorado in adjudicating a dispute between a Colorado investment adviser and a Washington trust.

**CONCLUSION**

There is no reasonable basis for jurisdiction over this Colorado defendant in California, and this case should be dismissed, without prejudice to Wilson's right to file another action in the proper Colorado forum.

Dated: February 27, 2007 LAW OFFICES OF DAVID M. ZEFF

By /S/
David M. Zeff, Attorneys For
THE WEALTH CONSERVANCY, INC.



LAW OFFICES OF DAVID M. ZEFF
1388 SUTTER STREET, SUITE 820
SAN FRANCISCO, CA 94109
(415) 923-1380