IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JENNIFER WILSON, as Individual and as Trustee of the JENNIFER WILSON LIVING TRUST,

    Plaintiff,

  v.

THE WEALTH CONSERVANCY, INC.,

    Defendant.
                                     /

No. C 07-1076 CW

ORDER DENYING MOTION TO DISMISS

    Defendant The Wealth Conservancy, Inc. moves to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.  Plaintiff Jennifer Wilson opposes the motion.  The matter was heard on April 13, 2007.  Having considered all of the papers filed by the parties, the evidence cited therein and oral argument on the motion, the Court DENIES the motion.

BACKGROUND

    Defendant The Wealth Conservancy, Inc. is a Colorado corporation that provides investment advice for wealthy clients.  Salzer Dec. ¶¶ 2-3.  Myra Salzer is the President, Chief Executive Officer and Director of The Wealth Conservancy, Inc.  Id. at ¶ 1.

    Plaintiff was a client of Defendant and is a trustee of the Jennifer Wilson Living Trust.  During the time Plaintiff was Defendant's client, her primary residence was in the State of Washington.  Wilson Dec. ¶ 2, Salzer Dec. ¶ 8.  Plaintiff currently

resides in California. Wilson Dec. ¶ 1. The Jennifer Wilson Living Trust was organized under Washington law. Salzer Dec. ¶ 8.

Salzer recommended that Plaintiff have letters of agreement signed by any person living in her residences. Wilson Dec. ¶ 3. At that time, Plaintiff owned a residence in San Francisco, California. Id. at ¶ 2. Plaintiff told Salzer that she would reside at her San Francisco residence for certain times of the year. Id. Julia Bergman, Plaintiff's cousin, was residing with Plaintiff in the San Francisco residence. Id. Salzer drafted a lease agreement dated October 10, 2000 to memorialize the agreement of the living arrangement between Plaintiff and Bergman. Id. at ¶¶ 3 & 6, Exs. A & B. The parties dispute whether Salzer told Plaintiff that she would act as an attorney on Plaintiff's behalf. Wilson Dec. ¶ 4, Salzer Dec. ¶ 7.

In early 2005 Plaintiff wanted to sell her San Francisco residence and asked Bergman to leave. Wilson Dec. ¶ 7. Bergman claimed that the written agreement gave her life tenancy in the residence. Id. Plaintiff sought declaratory relief in state court to establish her right to evict Bergman and the lawsuit settled. Zeff Dec. ¶¶ 3-4, Ex. 2. Plaintiff then filed the present complaint, alleging breach of fiduciary duty and that Defendant committed legal malpractice by "drafting and advising Plaintiff to enter a written agreement memorializing" her promise to Bergman, without "first diligently researching the impact of local law and apprising Plaintiff of the same." Complaint for Damages, ¶ 8, in Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), Docket no. 1.

2

Defendant's principal and only place of business is in Boulder, Colorado. Salzer Dec. ¶ 3. Defendant does not advertise in publications or on an internet web-site, nor by any other means. Id. at ¶ 4. In the past ten years, Defendant has held only one seminar in California, and it only has one client presently residing in California. Id.

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that jurisdiction exists. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). Conflicts in the evidence must be resolved in the plaintiff's favor. AT&T, 94 F.3d at 588. Where "the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" Schwarzenegger 374 F.3d at 800 (citation omitted).

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the

3

1 applicable state personal jurisdiction rule and constitutional
2 principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361
3 (9th Cir. 1990); Data Disc, Inc, 557 F.2d at 1286.  California's
4 jurisdictional statute is co-extensive with federal due process
5 requirements; therefore, jurisdictional inquiries under state law
6 and federal due process standards merge into one analysis.  Rano v.
7 Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

8     The exercise of jurisdiction over a non-resident defendant
9 violates the protections created by the due process clause unless
10 the defendant has "minimum contacts" with the forum State so that
11 the exercise of jurisdiction "does not offend traditional notions
12 of fair play and substantial justice."  International Shoe Co. v.
13 Washington, 326 U.S. 310, 316 (1945).  Personal jurisdiction may be
14 either general or specific.

15     General jurisdiction exists when a defendant maintains
16 "continuous and systematic" contacts with the forum State even if
17 the cause of action has no relation to those contacts.
18 Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408,
19 414 (1984).  Specific jurisdiction exists when a defendant's
20 contacts with the forum State arise out of or relate to the cause
21 of action even if those contacts are isolated and sporadic.
22 Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1279
23 (Fed. Cir. 2005).

24     Specific jurisdiction is analyzed using a three-prong test:
25 (1) the non-resident defendant must purposefully direct its
26 activities or consummate some transaction with the forum or a
27 resident thereof, or perform some act by which it purposefully

4

avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction. Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

A showing that a defendant "purposefully availed" itself of the privilege of doing business in a forum State typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. Schwarzenegger, 374 F.3d at 802. A purposeful availment analysis is most often used in suits sounding in contract. Id. The requirement of purposeful availment ensures that the defendant should reasonably anticipate being haled into the forum state court based on its contacts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The purposeful availment test is met where "the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." Ballard, 65 F.3d at 1498.

A showing that a defendant "purposefully directed" its conduct toward a forum State "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." Schwarzenegger, 374 F.3d at 803. "A purposeful direction analysis . . . is most often used in suits

5

sounding in tort." Id. at 802. Purposeful direction may be established under the "effects test" where the defendant (1) committed an intentional act, (2) expressly aimed at the forum State, (3) causing harm that the defendant knows is likely to be suffered in the forum State. Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

The second prong of the specific jurisdiction test requires that the claim arise out of or result from the defendant's forum-related activities. A claim arises out of a defendant's conduct if the claim would not have arisen "but for" the defendant's forum-related contacts. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998).

Once the plaintiff has satisfied the first two factors, the defendant bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985); Haisten v. Grass Valley Medical Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986). Seven factors are considered in assessing whether the exercise of jurisdiction over a non-resident defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum State's affairs, (2) the burden on the defendant, (3) conflicts of law between the forum State and the defendant's home jurisdiction, (4) the forum State's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Caruth v. International

6

Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995); Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

DISCUSSION

Defendant argues that this Court lacks general jurisdiction over it because it does not have continuous and systematic business contacts in California and that this Court lacks specific jurisdiction over it because it did not purposefully avail itself of the privilege of conducting activities in California and did not purposefully direct its activities to California. Defendant further argues that specific jurisdiction in California would be unreasonable.

Plaintiff argues that specific jurisdiction exists because Defendant purposely availed itself of the benefits and protections of doing business in California. Plaintiff further argues that Defendant's out-of-state actions had a direct impact in California, rendering the assertion of specific jurisdiction reasonable.

The parties do not dispute that the claim arises out of or results from Defendant's forum-related activities.

I.  General Jurisdiction

Defendant does not have the continuous and systematic contacts with California required for general jurisdiction.

II. Specific Jurisdiction

   A.  Purposefully Avail

Plaintiff argues that Defendant purposefully availed itself of the privilege of conducting activities in California by giving advice and writing a contract regarding Plaintiff's real property in California, acting as her lawyer in so doing.

7

Under California law, the practice of law is "the doing and performing of services in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules or procedure." Birbrower v. Superior Court, 17 Cal. 4th 119, 128 (1998) (quoting People v. Merchants Protective Corp., 189 Cal. 531 (1922)). Merchants included in its definition of the practice of law "legal advice and legal instrument and contract preparation." Birbrower 17 Cal. 4th at 128. However, the practice of law does not encompass all professional legal activities, and each case must be decided on its individual facts. Id. at 129 (citing Baron v. Los Angeles, 2 Cal. 3d 535, 543 (1970).

The "practice of law 'in California' entails sufficient contact with the California client to render the nature of the legal service a clear legal representation." Birbrower, 17 Cal. 4th at 128. "The primary inquiry is whether the . . . lawyer engaged in sufficient activities in the state, or created a continuing relationship with the California client that included legal duties and obligations." Id. A person does not have to be physically present in California to practice law in California. Id. at 128-29.

California Business and Professions Code Section 6125 provides, "No person shall practice law in California unless the person is an active member of the State Bar." Violation of Section 6125 is a misdemeanor. Cal. Bus. & Prof. Code § 6126(a). "Business and Professions Code section 6125, prohibiting the practice of law without being an active member of the State Bar, does not create any private causes of action." 76 Ops. Cal. Atty.

Gen. 193, *1 (1993).  However, "a violation of section 6125 may form the basis for a cause of action under some other statute or legal theory."  Id. at *3.  "A private cause of action based on a violation of section 6125 has been recognized where negligent work by the unlicensed practitioner has caused a private party to suffer loss."  Id. at *3-4.

Thus, the question is (1) whether Defendant practiced law in California and (2) whether the practice of law in California is purposeful availment of the privilege of conducting activities in California.  If so, Defendant purposefully availed itself of the privilege of conducting activities in California, satisfying the first prong of specific jurisdiction.

Plaintiff submits a declaration stating that Defendant gave her legal advice regarding people living in the residences owned by Plaintiff and prepared a contract, a lease agreement, related to her property located in San Francisco, California.  Defendant advised Plaintiff about tenancy relationships in California and wrote a lease agreement to take effect in California.  Defendant knew that the lease agreement would take effect in California and would be interpreted under California law.  This is sufficient activity in the State to be considered the practice of law in California.

The parties dispute whether Plaintiff retained Defendant to act as an attorney on her behalf.  On a motion to dismiss for lack of personal jurisdiction, conflicts in the evidence must be resolved in Plaintiff's favor.  AT&T, 94 F.3d at 588.  Therefore, the Court assumes that Defendant engaged in the practice of law in

9

California, for the purpose of determining whether the Court may exercise specific personal jurisdictional over Defendant.

Defendant purposefully availed itself of the privilege of conducting activities in California, thereby invoking the benefits and protections of California's laws. Plaintiff has established the first prong for specific jurisdiction.

B.   Purposefully Direct

Plaintiff argues that Defendant purposefully directed its conduct towards California. Purposeful direction may be established under the effects test. First, Plaintiff must show that Defendant committed an intentional act. An act is "an external manifestation of the actor's will and does not include any of its results, even the most direct, immediate, and intended." Schwarzenegger, 374 F.3d at 806 (citation omitted). Intent in the intentional act test refers "to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." Id.

Next, Plaintiff must show that Defendant's intentional act was expressly aimed at California, causing harm that Defendant knew was likely to be suffered in California. Citing Abbott Power Corp. v. Overhead Electric Co., 60 Cal. App. 3d 272 (1976), Plaintiff argues that acts performed outside of California that have effects within the State must be considered. Plaintiff argues that Defendant drafting a contract for Plaintiff and Bergman regarding property located in California, and then mailing letters regarding this contract to Plaintiff in Washington and Bergman in California, fulfills the requirement that Defendant's acts performed outside of

1  California had an effect within California.  Wilson Dec., Ex. A, B,
2  & D.

3  Plaintiff has shown that Defendant committed an intentional
4  act, drafting a contract.  Furthermore, the act was expressly aimed
5  at the forum State, because the contract governed Plaintiff's
6  landlord relationship with a tenant living in her real property in
7  California.  And, Plaintiff has shown that Defendant should have
8  known that harm would be likely to be suffered in California if the
9  legal advice provided was negligent.

10 Plaintiff has met her burden in showing that Defendant
11 purposefully directed its conduct towards California, as well as
12 by showing purposeful availment.

13 The parties do not dispute that Plaintiff's claims arose from
14 Defendant's forum-related activities, the second prong of specific
15 jurisdiction.

16     C.   Reasonableness

17 Because Plaintiff satisfies the first two prongs of specific
18 jurisdiction, it is Defendant's burden to overcome a presumption
19 that jurisdiction would be reasonable by presenting a compelling
20 case that jurisdiction would be unreasonable.  <u>Burger King Corp.</u>,
21 471 U.S. at 472-73.

22 Defendant argues that specific jurisdiction over it in
23 California would not be reasonable.  To determine whether the
24 exercise of jurisdiction would be reasonable, the Court considers
25 the seven factors provided in <u>Caruth</u>, 59 F.3d at 128, set forth
26 above.

27 Defendant argues that the first factor weighs heavily in its

11

favor because it did not interject itself into California. As discussed above in the purposeful availment analysis, Defendant did interject itself into California by preparing a lease agreement for Plaintiff's real property in California. However, the amount of interjection is slight. Defendant has only one other client residing in California and does not advertise or hold regular seminars in California. Contacts sufficient to meet the purposeful availment test might still be too attenuated to make the exercise of jurisdiction reasonable. Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1488 (9th Cir. 1993). The Court finds that the first factor weighs against the reasonableness of the exercise of jurisdiction.

Defendant argues that California does not have a greater interest than Colorado in adjudicating a dispute between a Colorado investment adviser and a Washington trust. The Court finds this factor to be neutral. Defendant further argues that Colorado would be an appropriate alternative forum. This factor weighs slightly against the reasonableness of specific jurisdiction in California.

However, Defendant presents no arguments regarding the second, third, fifth and sixth factors. Conflicts of law between California and Colorado favor California because California law applies to a California real estate contract. The most efficient resolution of this dispute would be in California because some witnesses and the property are located in California. Plaintiff currently resides in California and so has an interest in having the claim adjudicated in California.

Defendant does not present a compelling case that the exercise

12

of jurisdiction in California would be unreasonable.  Therefore, Defendant has not met its burden of establishing unreasonableness.

## CONCLUSION

Plaintiff has submitted evidence that, if true, would support specific personal jurisdiction in California over Defendant. Defendant did not overcome the presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable.  For the foregoing reasons, the Court DENIES Defendant's motion.

Dated:   4/30/07

*Claudia Wilken*

CLAUDIA WILKEN
United States District Judge